No. 22-11324-JJ

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

MAURICIO USME, M.D., SAFETY OFFICER LUKASZ ZUTEREK, CAROLINA
VASQUEZ, JAVIER PEREZ, JOHAN ORTIZ, LUZ GAVILAN, AND MARTIN PAZ,

Plaintiffs/Appellants,

v.

CMI LEISURE MANAGEMENT. INC., CRUISE MANAGEMENT INTERNATIONAL,
INC., AND VIKAND MEDICAL SOLUTIONS, LLC,

Defendants/Appellees.

_____

On Appeal from the United States District Court
for the Southern District of Florida

_____

BRIEF OF RESPONDENTS-APPELLEES CMI LEISURE MANAGEMENT,
INC., CRUISE MANAGEMENT INTERNATIONAL, INC., AND VIKAND
MEDICAL SOLUTIONS

_____

Michael J. Dono
mdono@hamiltonmillerlaw.com
Elisha M. Sullivan
esullivan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue
Suite 1200
Miami, Florida 33131
305-379-3686

*Usme et al. v. CMI Leisure Management, Inc. et. al.*
Case No. 22-11324-JJ

## Certificate of Interested Persons

Under Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rules 26.1-1, 26.1-2, 26.1-3, and 28-1(b), undersigned counsel for Appellees CMI Leisure Management, Inc., Cruise Management International, Inc. and Vikand Medical Solutions, LLC certifies that the following is a list of all trial judge(s) and all attorneys, persons, associations of persons, firms, partnerships, corporations or governmental entities that have an interest in the outcome of this case:

1.  American Steamship Owners Mutual Protection & Indemnity Association, Inc.

2.  Chavez, Gilda M. (counsel for Defendants-Appellees)

3.  Clair, William F. (counsel for Defendants-Appellees)

4.  CMI Leisure Management, Inc. (Defendant-Appellee)

5.  Cruise Management International, Inc. (Defendant-Appellee)

6.  Dono, Michael John (counsel for Defendants-Appellees)

7.  Gavilan, Luz (Plaintiff-Appellant)

8.  The Honorable Darren P. Gayles, U.S. District Court Judge

9.  Gutierrez, Annalisa (counsel for Defendants-Appellees)

10. Gutwein, Evan (counsel for Defendants-Appellees)

*Usme et al. v. CMI Leisure Management, Inc. et. al.*
Case No. 22-11324-JJ

11.    Hamilton, Jerry D. (counsel for Defendants-Appellees)

12.    Hamilton, Miller & Birthisel, LLP (counsel for Defendants-Appellees)

13.    Ortiz, Johan (Plaintiff-Appellant)

14.    Parrish, Philip D. (counsel for Plaintiffs-Appellants)

15.    Philip D. Parrish, PA (counsel for Plaintiffs-Appellants)

16.    Paz, Martin (Plaintiff-Appellant)

17.    Peltz, Robert D. (counsel for Plaintiffs-Appellants)

18.    The Peltz Law Firm, P.A. (counsel for Plaintiffs-Appellants)

19.    Perez, Javier (Plaintiff-Appellant)

20.    Starr Adjustment Services, Inc.

21.    Sullivan, Elisha M. (counsel for Defendants-Appellees)

22.    The Honorable Edwin G. Torres, U.S. Magistrate Judge

23.    Usme, Mauricio, MD (Plaintiff-Appellant)

24.    Vasquez, Carolina (Plaintiff-Appellant)

25.    Vucci, Louis A. (counsel for Plaintiffs-Appellants)

26.    Vikand Medical Solutions, LLC (Defendant-Appellee)

27.    Louis A. Vucci, P.A. (counsel for Plaintiffs-Appellants)

28.    Zuterek, Lukasz (Plaintiff-Appellant)

*Usme et al. v. CMI Leisure Management, Inc. et. al.*
Case No. 22-11324-JJ

## Corporate Disclosure Statement

Under Fed. R. App. P. 26.1 and Eleventh Circuit Rules 26.1-1, 26.1-2, 26.1-3, and 28-1(b), counsel for Appellees Cruise Management International, Inc., CMI Leisure Management LLC, and Vikand Medical Solutions, LLC certifies:

CMI Leisure Management, Inc. and Cruise Management International, Inc. are owned 100% by Danish Cruise Holdings ApS (a Danish corporation). Danish Cruise Holdings ApS is owned 33.33% by each of the following Danish corporations: SunStone Maritime Group A/S; Seven C's Rejsebureau ApS; and Newcobh Holdings ApS.

Vikand Medical Solutions, LLC is owned greater than 10% by H1212, LLC (a Florida limited liability company) and Maritime Medical Consulting, LLC (a Florida limited liability company).

Dated:    Nov. 10, 2022    HAMILTON, MILLER & BIRTHISEL, LLP

By:    *s/ Elisha M. Sullivan*

## Statement Regarding Oral Argument

Appellees do not believe oral argument is necessary. The facts and legal analysis are adequately presented in the briefs and record, and the decision process would not be aided by oral argument.

# Table of Contents

Certificate of Interested PersonsC-**Error! Bookmark not defined.** of 3

Corporate Disclosure Statement ................................................... C-3 of 3

Statement Regarding Oral Argument ......................................................i

Table of Citations ...................................................................................ii

Statement of Jurisdiction.........................................................................1

Statement of the Issues.............................................................................1

Statement of the Case ..............................................................................2

Nature of the Case ....................................................................................2

Course of Proceedings and Disposition Below ..........................................3

Statement of the Facts ..............................................................................5

Standard of Review ..................................................................................7

Summary of the Argument ......................................................................7

Argument..................................................................................................10

I.    The district court properly dismissed this case for *forum non conveniens* without undertaking a choice of law analysis.............10

II.   The district court properly applied the doctrine of equitable estoppel to enforce the forum selection clause. .............................19

      A.    Appellants' allegations that they were the borrowed servants of Appellees were refuted......................................................20

B.   Appellees could invoke the forum selection clause under the doctrine of equitable estoppel. ..............................................23

III.   45 U.S.C. § 55 is inapplicable to Jones Act claims. ......................31

IV.   The forum selection clause does not contravene U.S. policy.........36

Conclusion ...........................................................................................41

Certificate of Compliance with Rule 32(a)............................................42

Certificate of Service ............................................................................43

# Table of Citations

## Cases

*AFC Franchising, LLC v. Purugganan*,
  43 F.4th 1285 (11th Cir. 2022) ........................................................39

*American Dredging Co. v. Miller*,
  510 U.S. 443 (1994)...................................................................14, 41

*Asenov v. Silversea Cruises, Ltd.*,
  No. 11-62360-CIV-ZLOCH, 2012 U.S. Dist. LEXIS 49200 (S.D. Fla.
  Mar. 28, 2012) ...............................................................................15

*Atlantic Marine Constr. Co., Inc. v. U.S. District Court for the Western
District of Tx.*,
  571 U.S. 49 (2013) .........................................................................13

*Aung Lin Wai v. Rainbow Holdings*,
  350 F. Supp. 2d 1019 (S.D. Fla. Dec. 7, 2004) ...................................20

*Bah. Sales Assoc., LLC v. Byers*,
  701 F.3d 1335 (11th Cir. 2012) ..............................................7, 25-26

*Boyd v. Grand Trunk W. R.R. Co.*,
  338 U.S. 263 (1949).................................................................31, 34

*The Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972)........................................................................39-40

*Castro v. Pullmantur, S.A.*,
  220 So. 3d 531 (Fla. 3d DCA 2017)..............................................16, 35

*Cooper v. Meridian Yachts, Ltd.*,
  575 F.3d 1151 (11th Cir. 2009).........................................................23

*Cosmopolitan Shipping Co. v. McAllister*,
  337 U.S. 783 (1949).......................................................................20

*Cvoro v. Carnival Corp.*,
   941 F.3d 487 (11th Cir. 2019)............................................................30

*Daughtry v. Jenny G. LLC*,
   703 F. App'x 883 (11th Cir. 2017)...............................................20-21

*Demici v. Holland Am. Line N.V., LLC*,
   No. 20-61033-CIV-SINGHAL, 2020 U.S. Dist. LEXIS 265011 (S.D.
   Fla. Oct. 20, 2020)........................................................................20-21

*Dillard v. City of Greensboro*,
   213 F.3d 1347 (11th Cir. 2000)............................................................7

*Durkovic v. Park West Galleries*,
   217 So. 3d 159 (Fla. 3d DCA 2017)...................................................14

*Fitka v. American Seafoods Co.*,
   2000 A.M.C. 1156 (Alaska Superior Ct. 2000) .................................35

*Fresh Results, LLC v. ASF Holland, B.V.*,
   921 F.3d 1043 (11th Cir. 2019)..........................................................17

*Garrett v. Moore-McCormack Co.*,
   317 U.S. 239 (1942)...........................................................................40

*GDG Acquisitions, LLC v. Gov't of Belize*,
   749 F.3d 1024 (11th Cir. 2014)..........................................................17

*Hellenic Lines Ltd. v. Rhoditis*,
   398 U.S. 306 (1970)...........................................................................16

*HNA LH OD, LLC v. Local House Int'l, Inc.*,
   No. 21-cv-21022-BLOOM/Otazo-Reyes, 2021 U.S. Dist. LEXIS 186465
   (S.D. Fla. Sept. 29, 2021) .................................................................21

*In re OSG Ship Mgmt.*,
   514 S.W.3d 331 (Tex. App.-Houston [14th Dist.] Dec. 29, 2016).......36

*Kozur v. F/V Atl. Bounty, LLC*,
No. 18-08750, 2020 U.S. Dist. LEXIS 148633 (D.N.J. Aug. 18, 2020) ....................................................................................................... 35

*Krenkel v. Kerzner Int'l Hotels Ltd.*,
579 F.3d 1279 (11th Cir. 2009) ..................................................... 7, 18

*Lauritzen v. Larsen*,
345 U.S. 571 (1953) ........................................................................... 16

*Le Tran v. Celebrity Cruises, Inc.*,
No. 12-24017-CIV-MORENO, 2013 U.S. Dist. LEXIS 73170 (S.D. Fla. May 22, 2013) .................................................................................... 21

*Lindo v. NCL (Bahamas) Ltd.*,
652 F.3d 1257 (11th Cir. 2011) .......................................... 30, 32, 36

*Lopez v. CMI Leisure Management, Inc.*,
565 F. Supp. 3d 1271 (S.D. Fla. 2021) ............................................ 26

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
858 F.2d 509 (9th Cir. 1988) ............................................................ 28

*McGinnis v. Ingram Equipment Co.*,
918 F.2d 1491 (11th Cir. 1990) ....................................................... 27

*Membreno v. Costa Crociere S.p.A.*,
425 F.3d 932 (11th Cir. 2005) .......................................................... 12

*Miles v. Apex Marine Corp.*,
498 U.S. 19 (1990) ............................................................................. 29

*Nall v. Mal-Motels, Inc.*,
723 F.3d 1304 (11th Cir. 2013) ....................................................... 38

*Prakash Nayak v. Star Clippers, Ltd. Corp.*,
    No. 12-23768-CIV, 2014 U.S. Dist. LEXIS 50564 (S.D. Fla. Mar. 11,
    2014) ............................................................................................. 13

*Reyes v. Cruise Ship Catering*,
    No. 04-20144, 2006 U.S. Dist. LEXIS 57814 (S.D. Fla. May 26, 2006) .
    .............................................................................................................. 12

*Riley v. Trident Seafoods Corp*.,
    No. 11-2500 (MJD/AJB), 2012 U.S. Dist. LEXIS 9002 (D. Minn. Jan.
    9, 2012) ......................................................................................... 35

*Roberts v. Carnival Corp.*,
    824 F. App'x 825 (11th Cir. 2020) ................................................ 26

*Rozanska v. Princess Cruise Lines, Ltd.*,
    No. 07-23355-CIV-GOLD/MCALILEY (S.D. Fla. Aug. 5, 2008) ........ 38

*Sa v. Infinitelabs Llc*,
    No. 6:20-cv-143-Orl-37GJK, 2020 U.S. Dist. LEXIS 173336 (M.D. Fla.
    Aug. 12, 2020) .............................................................................. 24

*Scherk v. Alberto-Culver Co.*,
    417 U.S. 506 (1974) ...................................................................... 34

*Speed v. Omega Protein, Inc.*,
    246 F. Supp. 2d 668 (S.D. Tex. 2003) ........................................... 29

*Szumlicz v. Norwegian Am. Line*,
    698 F.2d 1192 (11th Cir. 1983) ............................................. 10-14, 19

*Terrebonne v. K-Sea Transp. Corp.*,
    477 F.3d 271 (5th Cir. 2007) ..................................................... 33-34

*Turner v. Sedgwick Claims Mgmt. Servs.*,
    No. 7:14-cv-01244-JEO, 2014 U.S. Dist. LEXIS 180506 (N.D. Ala. Dec.
    19, 2014) ....................................................................................... 34

*Utoafili v. Trident Seafoods Corp.*,
   No. 09-2575 SC, 2009 U.S. Dist. LEXIS 127109 (N.D. Ca. Oct. 19,
   2009) ................................................................................................ 41

*Vasquez v. YII Shipping Co.*,
   692 F.3d 1192 (11th Cir. 2012) ...................................................... 12

*Vasquez v. YII Shipping Co.*,
   559 F. App'x. 841 (11th Cir. 2014) ................................................ 12

*Walker v. Jones*,
   10 F.3d 1569 (11th Cir. 1994) ........................................................ 27

*Webster v. Royal Caribbean Cruises, Ltd.*,
   124 F. Supp. 2d 1317 (S.D. Fla. Nov. 29, 2000) ............................ 26

## Statutes

28 U.S.C. § 1291 ..................................................................................... 1

28 U.S.C. § 1332 ..................................................................................... 1

28 U.S.C. § 1333 ..................................................................................... 1

45 U.S.C. § 55 ........................................................................... 1, 9, 31-36

## Statement of Jurisdiction

This is an appeal from an order dismissing Appellants' Complaint for *forum non conveniens*. (Doc 38, Order.)  The district court's jurisdiction was invoked under 28 U.S.C. § 1332(a)(2) and 28 U.S.C. § 1333. (Doc 16 at ¶¶13-14, Am. Compl.)

This Court has jurisdiction under 28 U.S.C. §1291. The district court entered its Order of dismissal on March 29, 2022, (Doc 38, Order) and the Notice of Appeal was filed on April 22, 2022 (Doc 39, N. App.)

## Statement of the Issues

I.   Whether the district court properly dismissed the Complaint for *forum non conveniens* without undertaking a choice of law analysis.

II.  Whether the district court correctly applied the doctrine of collateral estoppel to permit Appellees to invoke the forum selection clause of Appellants' employment contracts.

III. Whether the district court correctly found that 45 U.S.C. § 55 of the Federal Employers Liability Act did not preclude enforcement of the forum selection clause of Appellants' employment contracts.

IV.  Whether the forum selection clause of Appellants' employment contracts contravenes U.S. policy.

## Statement of the Case

### Nature of the Case

This appeal arises out of claims by seven seamen who worked aboard the cruise vessel *M/V Greg Mortimer* at the outset of the COVID-19 pandemic. (Doc 16, Am. Compl.) Mauricio Usme, Lukasz Zuterek, Carolina Vasquez, Javier Perez, Johan Ortiz, Luz Gavilan, and Marvin Paz were all crew aboard the *Greg Mortimer* for a voyage departing from Ushuaia, Argentina on March 15, 2020. (*Id.* at ¶¶2-8, 28.) Usme, Vasquez, Perez, Ortiz, Gavilan and Paz all claim they became ill with COVID-19 during the voyage. (*Id.* at ¶39.a.(1), 39.b.(2), 39.c.(2), 39.e.(2), 39.f.(2).) Zuterek did not get COVID-19, but claims that he "was in the zone of danger" to contract it until he was fired and removed from the vessel. (*Id.* at ¶39.d.(1).)

In the Amended Complaint, Usme and Zuterek both asserted claims against Cruise Management International, Inc. ("CMI") under the Jones Act. (*Id.* at 22.) Usme asserted an additional claim against CMI for maintenance and cure. (*Id.* at 46.) And Zuterek sued CMI for retaliatory discharge and false imprisonment. (*Id.* at 41, 45.)

2

Gavilan, Paz, Vasquez, Perez, and Ortiz asserted claims against CMI Leisure Management, Inc. ("CMI-L") under the Jones Act and for maintenance and cure (*Id.* at 28, 47) and against CMI for negligence (*Id.* at 32).

All seven Appellants asserted a claim against Vikand Solutions, LLC for negligence. (*Id.* at 37.)

Appellants amended their complaint by interlineation to name Vikand Medical Solutions, LLC as a defendant instead of Vikand Solutions, LLC. (Doc 29, Mot. Am.; Doc 30, Order.)

**Course of Proceedings and Disposition Below**

Although Appellants all signed employment contracts that called for any disputes arising out of their employment to be brought in the Bahamas and under Bahamian law, they sued their employers' agents, CMI Leisure Management, Ltd. and Cruise Management International, Inc., as well as Vikand in U.S. District Court for the Southern District of Florida. (Doc 16, Am. Compl.; Doc 17-1 at 6, 13, 20, 27, 34; Doc 17-2 at 2, 4.) None of Appellants are U.S. citizens. Vasquez and Gavilan are citizens of Chile. (Doc 16 at ¶¶4, 7.) Perez, Ortiz, and Paz are citizens of

Honduras. (*Id.* at ¶¶5-6, 8.) Usme is a citizen of Colombia, and Zuterek is a citizen of Poland. (*Id.* at ¶¶2-3.)

CMI, CMI-L, and Vikand moved to dismiss the Amended Complaint, arguing that Appellants had to bring their claims in the Bahamas under their employment agreements because they were equitably estopped from avoiding the forum selection clause by suing the improper parties. (Doc 17, Mot. to Dismiss.)

Appellants in response contended that the forum provision was inapplicable as they did not reference the contracts in their Complaint, and did not sue the employers named in the contracts, but instead sued CMI and CMI-L as their borrowed employers. (Doc 20, Resp. to Mot. to Dismiss.) They also maintained that because CMI and CMI-L were Florida corporations, U.S. law applied to their claims, and invalidated the forum selection clause. (*Id.*)

The district court held that the forum selection clause was valid, and found that Appellees could invoke the clause under the doctrine of equitable estoppel. (Doc 38, Order.) The court dismissed the case, to be refiled in the Bahamas. (*Id.*)

This appeal follows. (Doc 39, Notice of Appeal.)

## Statement of the Facts

Argentina did not allow the *Greg Mortimer* to return to port. (Doc 16 at ¶30.) Therefore, the vessel diverted to Uruguay on March 27, 2020, where it could anchor. (*Id*. at ¶33.) After anchoring in Uruguay, the *Greg Mortimer*'s passengers were disembarked, but the crew remained onboard. (*Id*.) Usme, Vasquez, Perez, Ortiz, Gavilan, and Paz were all eventually diagnosed with COVID-19. (*Id*. at ¶¶ 39.a.(1), 39.b.(2), 39.c.(2), 39.e.(2), 39.f.(2), 39.g.(2).) Zuterek did not get COVID-19, but alleged that he was "in the zone of danger" because he was aboard the vessel. (*Id*. at ¶39.d.(1).) On May 12, 2020, the *Greg Mortimer* was permitted to disembark its crew to quarantine in hotels in Uruguay until they could be repatriated approximately a month later. (*Id*. at ¶33.)

Vasquez, Perez, Ortiz, Gavilan, and Paz were employed by non-party CMI Leisure, Ltd., and their employment was governed by employment contracts signed by CMI-L as agent only of CMI Leisure, Ltd. (Doc 17-1.) The employment contracts all included the following choice of law and forum selection provision:

> I further agree that any dispute of any nature arising out of this Contract of Employment of my employment onboard the vessel shall be governed by the Laws of the Vessel's Flag

State, except as expressly provided herein and any disputes hereunder shall be adjudicated in that jurisdiction only…..

The parties to this contract hereby stipulate that the terms and conditions laid down herein shall be subject to the applicable provisions of the Maritime Law and Regulations of the country under which Flag the Vessel is sailing. Any dispute as to the terms and conditions of this contract shall be resolved in accordance with the Maritime Law and the country under which Flag the Vessel in sailing.

(*Id*. at 6, 13, 20, 27, 34.)

The *Greg Mortimer* was flagged in the Bahamas. (Doc 17-3 at ¶6; Doc 17-4 at ¶6.) CMI Leisure Ltd. was a Bahamian company. (Doc 17-1; Doc 20-3 at 9.)

Mauricio Usme, MD and Lukasz Zuterek were employed by non-party Greg Mortimer Owner Ltd., and their employment was governed by employment contracts signed by CMI as agent only for Greg Mortimer Owner Ltd. (Doc 17-2.) The contracts reflect the employer's name as Infinity Owner I Ltd. (*Id*.) Infinity Owner I Ltd. was the former name of Greg Mortimer Owner Ltd., which changed its name on July 19, 2019, to match the vessel's name. (Doc 27-1, Doc 27-3.) Although Usme and Zuterek signed their employment contracts after the name change, the contracts were prepared using the name Infinity Owner I Ltd. (Doc 17-2, Doc 27-1.) Neither Usme nor Zuterek ever repudiated the employment

6

contracts, they both worked onboard the *Greg Mortimer* under their contracts, and were paid by Greg Mortimer Owner Ltd. (Doc 27-1.) Usme and Zuterek's employment contracts contained the same choice of law and forum provisions as the other Appellants' contracts. (Doc 17-2 at 2, 4.)

Greg Mortimer Owner, Ltd. was incorporated in the Bahamas, as it was when it was known as Infinity Owner I Ltd. (Doc 27-2, Doc 27-3.)

## Standard of Review

A district court's decision regarding the enforceability of a forum selection clause is reviewed de novo. *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). Subsidiary findings of fact relevant to the enforceability of a forum selection clause are reviewed for clear error. *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000). Whether the doctrine of equitable estoppel applies is a question of law reviewed *de novo. Bah. Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340 (11th Cir. 2012).

## Summary of the Argument

The district court properly dismissed the Amended Complaint because all of the claims asserted by Appellants arose out of their employment on

7

the *Greg Mortimer*, and thus were within the scope of the forum selection clause in their employment contracts. Once the district court determined that the forum selection clause was valid, it did not have to undertake a choice of law analysis to determine whether U.S. law applied because the forum selection clause specified the governing law and forum. The analysis urged by Appellants would only have been relevant absent the forum selection clause.

The district court also properly permitted Appellees to invoke the forum selection clause. Because the district court was ruling on a motion to dismiss for *forum non conveniens*, and not a motion to dismiss for failure to state a claim, it was not limited to the four corners of the complaint, but could consider the employment contracts and declarations submitted. Because CMI and CMI-L actually signed the employment contracts as agents of Appellants' employers, the district court correctly found that they could rely on the forum selection clause.

Alternately, the district court properly applied the doctrine of equitable estoppel to permit CMI and CMI-L to invoke the forum selection clause. Appellants' claims rely on their employment on the vessel, and they cannot seek the benefits of that employment status on

8

the one hand, and avoid their own obligations on the other. The district court also rightly found that the claims against Vikand were so closely related to the dispute that it was foreseeable to Appellants that they would have to litigate their claims against Vikand in the Bahamas, because the Complaint alleges the same conduct that supports Appellants' claims against CMI and CMI-L.

Appellants are incorrect that 45 U.S.C. § 55 renders the forum selection clause invalid. This Court and numerous others have held that this section of the Federal Employers Liability Act ("FELA"), which has been interpreted to foreclose forum selection clauses in FELA cases, is inapplicable to Jones Act claims.

Finally, the forum selection clause does not contravene U.S. policy. Appellants provided the district court and this Court with no evidentiary basis to find the forum selection clause resulted from fraud or uneven bargaining power. Further, the burden of demonstrating that a forum selection clause should not be enforced because it is unfair or unreasonable under the circumstances falls squarely on the party seeking to invalidate it. Therefore, the district court properly placed that burden on Appellants and found that they did not meet it. The status of

9

seamen as "wards of the court" likewise affords Appellants no relief, as the courts routinely require seamen to resolve their claims in other forums under their employment agreements.

## Argument

I.    **The district court properly dismissed this case for *forum non conveniens* without undertaking a choice of law analysis.**

Appellants first assign error to the district court's ruling it did not have to perform a choice of law analysis under *Szumlicz v. Norwegian Am. Line*, 698 F.2d 1192 (11th Cir. 1983). Appellants argue that *Szumlicz* precludes dismissal for *forum non conveniens* if the Jones Act applies. They further contend that had the district court conducted a choice of law analysis, it should have found that U.S. law applied and thus retained jurisdiction. But, the district court was right in rejecting this argument and finding that *Szumlicz* was "outdated case law." (Doc 28 at 4, n.5.) Appellants' reliance on *Szumlicz* is a red herring as that case does not involve a contractual forum selection clause and does not hold that forum selection clauses are impermissible where the Jones Act may apply.

In *Szumlicz*, the plaintiff, a Polish citizen, worked aboard the cruise ship *VISTAFJORD* as a musician while it was sailing to several ports in

10

Europe and then to South Florida. *Id*. at 1194. Szumlicz was seen at the shipboard medical center for chest pains, and ultimately hospitalized in Fort Lauderdale, Florida before returning home to Europe. *Id*. The vessel flew a Norwegian flag, and was owned by Norwegian companies with their offices in Norway, but was "financed by American concerns." *Id*. The defendant had offices in Fort Lauderdale, and the *VISTAFJORD* regularly sailed on itineraries out of Port Everglades, Florida. *Id*.

Szumlicz sued the defendant asserting claims for unseaworthiness and Jones Act negligence, ultimately recovering a verdict after trial. *Id*. at 1193. The defendant appealed the district court's denial of its motion for summary judgment, asserting that the court should have declined to exercise jurisdiction under the doctrine of *forum non conveniens*. *Id*. On appeal, the Eleventh Circuit applied a two-part inquiry:

> First, the court must decide, under choice of law principles, whether the law of the United States should be applied. If United States law applies, the case should not be dismissed for *forum non conveniens*. If the court determines that United States law does not apply, it then examines the traditional considerations of *forum non conveniens* to determine whether the court should exercise its discretion and decline to assert jurisdiction over the case.

*Id.* at 1195. After finding that U.S. law applied under the first part of the analysis, this Court concluded that the district court correctly retained jurisdiction. *Id.*

*Szumlicz*, however, readily differs from this case because there was no employment contract containing a forum selection clause, and therefore, the Court had no occasion to decide whether contractual forum selection clauses are precluded in Jones Act claims.

Similarly, Appellants' reliance on *Vasquez v. YII Shipping Co.*, 692 F.3d 1192 (11th Cir. 2012) ("*Vasquez I*") and *Vasquez v. YII Shipping Co.*, 559 Fed. Appx. 841 (11th Cir. 2014) ("*Vasquez II*") is flawed as that case also did not involve a contractual forum selection clause.

Appellants wrongly characterize *Membreno v. Costa Crociere S.p.A.*, 425 F.3d 932 (11th Cir. 2005) and *Reyes v. Cruise Ship Catering*, No. 04-20144, 2006 U.S. Dist. LEXIS 57814 (S.D. Fla. May 26, 2006), which the district court cited in its footnote finding *Szumlicz* inapplicable. While Appellants are correct that in both *Membreno* and *Reyes* the court conducted a choice of law analysis and determined that U.S. law did not apply before dismissing for *forum non conveniens*, they fail to note that *there was no contractual forum selection clause at issue in those cases*.

To the contrary, since *Szumlicz* was decided nearly 40 years ago, numerous courts have dismissed seamen's complaints for *forum non conveniens* where a forum selection clause called for a foreign forum. For instance, in *Prakash Nayak v. Star Clippers, Ltd. Corp.,* No. 12-23768-CIV, 2014 U.S. Dist. LEXIS 50564 (S.D. Fla. Mar. 11, 2014) (adopted by, dismissed by *Nayak v. Star Clippers, Ltd. Corp.*, 2014 U.S. Dist. LEXIS 49796 (S.D. Fla., Apr. 10, 2014)), the plaintiff made a similar argument that "Jones Act claims can not be the subject of a forum selection clause that directs disputes to a foreign country." *Id*. at *6. The plaintiff was attempting to avoid dismissal where his employment contract designated Luxembourg as the forum for his claims. *Id*.

The court rejected the argument, concluding that the "assertion that forum selection clauses are *per se* invalid in Jones Act cases is not supported by the law in this Circuit." *Id*. at *9. Therefore, the court found the forum selection clause was valid and proceeded with the "modified *forum non conveniens* test set forth by the Supreme Court in *Atlantic Marine*" as the district court did here. *Id*. at *9 (citing *Atlantic Marine Constr. Co., Inc. v. U.S. District Court for the Western District of Tx.*, 571 U.S. 49 (2013)).

Similarly, in *Durkovic v. Park West Galleries*, 217 So. 3d 159 (Fla. 3d DCA 2017), a Serbian seaman attempted to avoid dismissal of his complaint in Florida state court by arguing that "the Jones Act per se prohibits a seaman who is a foreign national residing outside the United States from being bound by a contract provision mandating a specific foreign forum for disputes under the contract." *Id*. at 160. Even accepting the plaintiff's allegation that he was a Jones Act seaman, the court rejected his argument and affirmed dismissal of his complaint. *Id*. at 160.

Furthermore, after *Szumlicz*, the Supreme Court implicitly recognized the applicability of the doctrine of *forum non conveniens* in Jones Act cases in *American Dredging Co. v. Miller*, 510 U.S. 443 (1994). In *Miller*, a seaman filed a personal injury action in Louisiana state court, asserting claims against his employer under the Jones Act, and under federal maritime law for unseaworthiness, wages, and maintenance and cure. *Id*. at 445. The trial court dismissed the action for *forum non conveniens*, which was affirmed by the appellate court. *Id*. The Supreme Court of Louisiana reversed, holding that the Louisiana Code of Civil Procedure rendered the doctrine inapplicable in Jones Act and maritime cases

14

brought in Louisiana state court, and that Louisiana's rule was not preempted by maritime law. *Id*. at 445-446.

The U.S. Supreme Court granted a writ of certiorari to consider "whether the doctrine of *forum non conveniens* is either a 'characteristic feature' of admiralty or a doctrine whose uniform application is necessary to maintain the 'proper harmony' of maritime law.'" *Id*. at 447. In considering this question, the Court found that "maritime defendants 'have access to a *forum non conveniens* defense in federal court that is not presently recognized in Louisiana state courts.'" *Id*. at 450 (citing with approval *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990)). The Court reduced the question of forum under the Jones Act to "a matter of judicial housekeeping" that "does not require a uniform rule of *forum non conveniens*." *Id*. at 456-457.

At bottom, Appellants' contention that forum selection clause is per se invalid in Jones Act cases is simply wrong. The defense of *forum non conveniens* has long been available in cases such as this one. *See, e.g., Asenov v. Silversea Cruises, Ltd.,* No. 11-62360-CIV-ZLOCH, 2012 U.S. Dist. LEXIS 49200 (S.D. Fla. Mar. 28, 2012) (dismissing Jones Act claim for improper forum where employment contract included forum selection

15

clause requiring disputes to be adjudicated in Bulgaria under Bahamian law); *Castro v. Pullmantur, S.A.*, 220 So. 3d 531, 538 (Fla. 3d DCA 2017) (recognizing that "forum selection clauses in Jones Act cases have been enforceable for years"). Therefore, where there is a valid forum selection clause as there is here, the proper analysis is as follows:

> First, "the plaintiff's choice of forum merits no weight." *Id.* Indeed, the plaintiff bears the burden of showing why the court should not transfer the case to the forum to which the parties agreed. *Id.* Second, a court evaluating a motion to dismiss based on a forum selection clause should not consider arguments about the parties' private interests. *Id.* at 582. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private interest factors to weigh entirely in favor of the preselected forum." *Id.* Third, when a party bound by a forum selection clause files suit in a different forum, the law of the contractually selected forum applies. 134 S.Ct. at 582-3.

*Nayak*, 2014 U.S. Dist. LEXIS 50564 at *10-11 (citing *Atlantic Marine*, 134 S.Ct. at 582-583). This analysis does not require the court to engage in the choice of law analysis of *Lauritzen v. Larsen*, 345 U.S. 571 (1953) and *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306 (1970).

The district court properly applied this modified *forum non conveniens* analysis after finding that the forum selection clause was valid. (Doc 28, pp. 9-10.) Therefore, the only factors left for the court to consider were

public interest factors that "rarely defeat a transfer motion." *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028-1029 (11th Cir. 2014) (citing *Atlantic Marine*). Public interest factors "consider 'the administrative difficulties flowing from court congestion,' 'the local interest in having localized controversies decided at home,' and 'the unfairness of burdening citizens in an unrelated forum with jury duty.'" *Fresh Results, LLC v. ASF Holland, B.V.*, 921 F.3d 1043 (11th Cir. 2019) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)). Appellants failed to address these factors in their briefing before the district court and in their Principal Brief. Nonetheless, the district court explicitly considered these factors, and found that they supported dismissal. (Doc 38 at 10.)

Appellants also contend that because the forum selection clauses "were designed solely to circumvent U.S. law, they clearly were not 'valid' under…the extensive body of Supreme Court precedent…which treats seamen as wards of admiralty." (Principal Br. at 21.) "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would

17

contravene public policy." *Krenkel,* 579 F.3d at 1281. Appellants'
argument appears to be framed as falling under "public policy." However,
they provided the district court with no basis to find that the clauses
"were designed solely to circumvent U.S. law." There is no reasonable
dispute that both CMI Leisure, Ltd. and Greg Mortimer Owner, Ltd. were
duly organized Bahamian companies. (Doc 20-3 at 9; Doc 27-2; Doc 27-3.)
Appellants' exhaustive refrain they were merely "paper entities" does not
pertain to any recognized public policy defense to enforcement of a forum
selection clause.

Further, Appellants offered no evidence as to the purpose for which
the Bahamian employing entities were created, or evidence that the
purpose was solely to circumvent U.S. law. The only evidence before the
district court as to the purpose of CMI Leisure Limited came from the
Administrative Management Agreement between CMI Leisure Limited
(the Bahamian entity that employed Vasquez, Perez, Ortiz, Gavilan, and
Paz) and CMI Leisure Management, Inc. (the U.S. entity Vasquez, Perez,
Ortiz, Gavilan, and Paz sued as their "borrowed" employers). That
Agreement states that CMI Leisure Limited is "a corporation organized
under the laws of the Commonwealth of the Bahamas, specializing in

hotel services to the cruise and passenger ferry industry." (Doc 20-2 at 2.) Appellants submitted no evidence regarding the purpose of Greg Mortimer Owner, Ltd., much less evidence it existed only to avoid application of U.S. law.

Because there is no per se rule that forum selection clauses are invalid as a matter of law where a claim could also be brought under the Jones Act, the district court correctly disregarded *Szumlicz*. Further, because Appellants did not provide the district court with a legally supported, evidentiary basis to invalidate the forum selection clause, the court properly considered it prima facie valid and dismissed the action for *forum non conveniens*.

## II. The district court properly applied the doctrine of equitable estoppel to enforce the forum selection clause.

Next, Appellants argue that the district court "rejected" their borrowed servant theory of liability without allowing them to develop a full factual record, and erred both in considering their employment contracts and applying the doctrine of equitable estoppel to permit Appellees to invoke the forum selection clause. They are incorrect on all points.

## A.   Appellants' allegations that they were the borrowed servants of Appellees were refuted.

Many years ago, the Supreme Court held that it had "no doubt that, under the Jones Act, only one person, firm, or corporation can be sued as employer." *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 791 (1949). "Notwithstanding the Supreme Court's statement…the former Fifth Circuit has recognized the "borrowed servant doctrine." *Aung Lin Wai v. Rainbow Holdings*, 350 F. Supp. 2d 1019, 1025 (S.D. Fla. Dec. 7, 2004). "This 'doctrine is the functional rule that places the risk of a worker's injury on his actual rather than his nominal employer. It permits the injured worker to recover from the company that was actually directing his work.'" *Demici v. Holland Am. Line N.V., LLC*, No. 20-61033-CIV-SINGHAL, 2020 U.S. Dist. LEXIS 265011 (S.D. Fla. Oct. 20, 2020) (citing *Baker v. Raymond Int'l, Inc.,* 656 F.2d 173, 178 (5th Cir. Unit A Sept. 1981)).

"When 'the employee contends that one who did not sign his checks was in fact his employer, the employee must prove the employment relationship.'" *Daughtry v. Jenny G. LLC*, 703 F. App'x 883, 886 (11th Cir. 2017) (citing *Guidry v. S. Louisiana Contractors, Inc.*, 614 F.2d 447, 454-55 (5th Cir. 1980)). Contrary to Appellants' position, this does not

mean that a factual record must be developed before a court dismisses a claim against an alleged borrowing employer. *See Demici* at *7 (rejecting argument that "the clear identification of the Plaintiff's employer for Jones Act purposes is premature at the motion to dismiss stage."); *Le Tran v. Celebrity Cruises, Inc.*, No. 12-24017-CIV-MORENO, 2013 U.S. Dist. LEXIS 73170 (S.D. Fla. May 22, 2013) (same).

In determining a seaman's employer, the court "look[s] to traditional indicia of the employer employee relationship: who pays the seaman, who engages the seaman, who directs his work." *Daughtry* at 886. And in considering a motion to dismiss for improper venue or for *forum non conveniens*, the court only need accept the facts in a complaint as true "to the extent they are uncontroverted by the defendants' affidavits." *HNA LH OD, LLC v. Local House Int'l, Inc.*, No. 21-cv-21022-BLOOM/Otazo-Reyes, 2021 U.S. Dist. LEXIS 186465 (S.D. Fla. Sept. 29, 2021) (citing *S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000)). The court "may 'consider matters outside the pleadings if presented in proper form by the parties' in ruling on a motion to dismiss for *forum non conveniens*." *Id.* (citing *MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc.*, 146 F. Supp. 2d 1344, 1349 (S.D. Fla. 2001)).

Here, Appellants alleged that Appellees directed their work by interviewing them, performing pre-employment background checks and physicals, hiring them, and training and supervising their performance of their jobs. (Doc 16 at ¶¶16-17.) In moving to dismiss, Appellees submitted the declarations of President and CEO of CMI-L Dietmar Wertanzl and President and CEO of CMI Jim Barreiro de León. (Doc 17-3; Doc 17-4.) The declarations authenticated Appellees' employment contracts containing the forum selection clause at issue. (Doc 17-1; Doc 17-2). The employment contracts reflect that Appellants' employers are CMI Leisure, Ltd. (Ortiz, Gavilan, Paz, Perez, and Vasquez) (Doc 17-1) and Infinity Owner I, Ltd. (Usme and Zuterek) (Doc 17-2)[1], and that CMI and CMI-L signed the contracts as agents of these employers.

In response, Appellants submitted evidence for the district court's consideration. They filed an excerpt of the deposition testimony from Wertanzl (testifying as President and CEO of CMI Leisure, Ltd., the Bahamian employer named in Appellants' employment contracts). This testimony established that crew employed by CMI Leisure, Ltd. (Ortiz,

---

[1]    As set forth in the Statement of Facts Infinity Owner I is the former name of Greg Mortimer Owner, Ltd.

Gavilan, Paz, Perez, and Vasquez) were paid by CMI Leisure, Ltd., and not CMI-L. (Doc 20-1 at 5:18-24, 31:23-32:1.) Appellees also submitted the written management agreement between CMI Leisure, Ltd. and CMI-L in which CMI Leisure Ltd. appointed CMI-L to "act as managers" of CMI Leisure, Ltd. regarding the *Greg Mortimer*, with CMI Leisure Ltd. to bear the costs and expenses of such management. (Doc 20-2 at 2, ¶1; 4, ¶7; Addendum No. 3.)

In light of the foregoing evidence, the district court did not "err[ ] by rejecting the [borrowed servant] basis of the Plaintiffs' tort suit" as argued by Appellants. Rather, it appropriately considered the evidence submitted by Appellees supporting their Motion to Dismiss.

### B. Appellees could invoke the forum selection clause under the doctrine of equitable estoppel.

Appellants argue that Appellees cannot enforce the forum selection clause because they are not parties to the contracts. They cite *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1169 (11th Cir. 2009) for the proposition that forum selection clauses "cannot ordinarily be invoked by or against a party who did not sign the contract in which the provision appears." They fail, however, to recognize that decision identifies numerous exceptions to the general rule, which include: "(1)

23

incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter-ego; and (5) estoppel." *Id.* at 1169-1170 (citing *World Rentals and Sales, LLC v. Volvo Constr. Equip. Rents, Inc.*, 517 F.3d 1240, 1244 (11th Cir. 2008)).

Notably, Appellants attempt to avoid the district court's finding that Appellees "actually signed the Employment Agreements as agents for the Owners" that was the first basis on which it properly found Appellees could invoke the forum selection clause. (Doc 38 at 7.) *See Sa v. Infinitelabs Llc*, No. 6:20-cv-143-Orl-37GJK, 2020 U.S. Dist. LEXIS 173336 (M.D. Fla. Aug. 12, 2020) ("Under an agency theory, an agent can bind a principal to an arbitration agreement, but the reverse is also true: 'because a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreement.'") (citing *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith*, 7 F.3d 1110, 1121 (3d Cir. 1993)).

Instead, Appellants focus on the district court's second rationale, that equitable estoppel precluded Appellants from seeking to recover the benefits of their employment contracts while also attempting to avoid its burdens. (Doc 38 at 7.) "Equitable estoppel allows a nonsignatory to

24

enforce the provisions of a contract against a signatory in two circumstances: (1) when the signatory to the contract relies on the terms of the contract to assert his or her claims against the nonsignatory; and (2) when the signatory raises allegations of interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Byers* at 1342.

The district court explicitly relied on the first of these circumstances in holding that "(w)hile [Appellees] were not the named employers under the Employment Agreements, [Appellants] cannot allege in their Amended Complaint the benefits of those Employment Agreements— namely Jones Act protections—while simultaneously arguing that Defendants cannot enforce the Forum Selection Clauses in those agreements." (Doc 38 at 7-8.) Appellants argue that the district court misplaced its reliance on *Byers* as in that case, the non-party could not enforce a forum selection clause. However, the district court was merely relying on *Byers* for a general legal principle, not citing it as a factually analogous case. Indeed, this Court recognized in *Byers* that "the application of equitable estoppel is not a 'rigid test, and each case turns

on its facts…'" *Byers* at 1343 (citing *In re Humana*, 285 F.3d 971, 976 (11th Cir. 2002)).

Appellants' reliance on *Lopez v. CMI Leisure Mgmt., Inc.*, 565 F. Supp. 3d 1271 (S.D. Fla. 2021) which in turn relied on *Roberts v. Carnival Corp.*, 824 F. App'x 825 (11th Cir. 2020) is misplaced. In *Roberts*, the defendant moved to dismiss for failure to state a claim. *Id.* at 827. This Court reversed the district court's order of dismissal because it considered a passenger ticket contract that was not attached to the complaint or central to the plaintiff's claims. *Id.* The district court in *Lopez* was ruling on a motion to dismiss for improper forum and not a motion to dismiss for failure to state a claim. *Lopez* at 1275. Accordingly, it was incorrect in its reliance on *Roberts*. *See Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1320 (S.D. Fla. Nov. 29, 2000) (while a court may not consider extrinsic materials in ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "(f)or defenses raised under subsections (1) through (5)…the court may consider matters outside the pleadings, and often must do so, since without aid of such outside materials the court would be unable to discern the actual basis, in fact,

of a party's challenge to the bare allegation in the complaint that venue is proper in this court.").

Here, although Plaintiffs did not purport to rely on their employment contracts in making out their claims, the claims nonetheless all arise out of their employment on the vessel. First, the alleged causes of action explicitly depend upon their status as seamen employed aboard the vessel. Second, employment existed by virtue of the employment contracts, *which Appellees actually signed* as agents of Appellants' employers. Therefore, this is not merely a "but for" relationship between the contracts and the causes of actions at issue.

Further, as the district court correctly assessed, Appellants made no separate argument regarding Vikand's entitlement to invoke the forum selection clause. (Doc 38 at 8, n.7.) Thus, they waived their right to make such an argument on appeal. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) ( "an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court."). Appellants likewise made no specific argument as to Vikand in their Brief and would be precluded from doing so in their reply. *See McGinnis v.*

*Ingram Equipment Co.*, 918 F.2d 1491, 1496 (11th Cir. 1990) ("A party normally waives its right to argue issues not raised in its initial brief.").

Nevertheless, the district court correctly found that Vikand may also enforce the forum selection clause because Appellants' "claims against Vikand are so 'closely related to the dispute that it [is] foreseeable' that those claims must also be litigated in the Bahamas." (Doc 38 at 8, n.7) (citing *Lipcon v. Underwriters at Lloyd's*, 148 F.3d 1285, 1299 (11th Cir. 1998)). Indeed, the Complaint specifically alleges that the decision for the voyage to proceed, which forms the basis of the claims, was made by all three Appellees jointly. (Doc 16 at ¶27.) Multiple other allegations in the Complaint are made against all three Appellees as well. (Doc 16 at ¶¶28-29, 32, 80.)

In *Lipcon* this Court recognized that "to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Id.* at 1299 (citing *Hugel v. Corporation of Lloyd's,* 999 F.2d 206, 209 (7th Cir.1993)). In *Lipcon*, this Court also favorably cited *Manetti-Farrow, Inc. v. Gucci Am., Inc.,* 858 F.2d 509, 514 n.5 (9th Cir. 1988) for the proposition that "a range of transaction participants, parties and non-parties, should benefit

from and be subject to forum selection clauses." *Id.* Under *Lipcon's* holding, it was proper for the district court to allow CMI, CMI-L, and Vikand to invoke the forum selection clause.

Appellants' attempts to distinguish *Lipcon* are unavailing. They argue that *Lipcon* did not involve the Jones Act, maritime law, or "the longstanding explicit public policy protecting seamen," but they identify no maritime law contrary to the holding of *Lipcon*. Standing alone, their claim of entitlement to special solicitude from the courts carries little weight. In fact, the Supreme Court has stated that "(w)e no longer live in an era when seamen and their loved ones must look primarily to the courts as a source of legal protection from injury and death; Congress and the States have legislated extensively in these areas. In this era, an admiralty court should look primarily to these legislative enactments for policy guidance." *Miles v. Apex Marine Corp.*, 498 U.S. 19, 27 (1990); *see Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668 (S.D. Tex. 2003) ("The judicial system's policy of protecting seamen, alone, is not enough to find that an otherwise enforceable forum-selection clause in a seaman's employment contract is invalid.").

Further, this Court has explicitly relied on *Lipcon* in seamen's claims on multiple occasions. *See, e.g., Cvoro v. Carnival Corp.*, 941 F.3d 487, 501 (11th Cir. 2019) (declining to vacate arbitral award on basis of argument that seaman was deprived of statutory remedies under the Jones Act in reliance on *Lipcon*); *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257 (11th Cir. 2011) (relying on *Lipcon* in affirming district court's order compelling arbitration of Jones Act claim).

Notwithstanding Appellants' argument that the wording of the forum selection clause did not indicate an intent to benefit third parties, the language it uses is broad, applying by its own terms to "any dispute of any nature arising out of this Contract of Employment *or my employment onboard the vessel*," thereby specifically including non-contractual claims like those asserted. (Doc 17-1 at 6, 13, 20, 27, 34; Doc 17-2 at 2, 4) (emphasis added).

Simply put, there is no need for Appellees to demonstrate that they were intended third party beneficiaries of the employment contracts as Appellants suggest. As determined by the district court, CMI and CMI-L were agents of Appellants' employers, and actually signed the contracts in that capacity. The doctrine of equitable estoppel further precludes

Appellants from seeking the legal benefits of their employment, which was governed by their employment contracts, while evading the burden of the forum selection clause when invoked by parties sued as their employers, and who signed the contracts. Accordingly, the district court correctly held that Appellants could enforce the forum selection clause.

### III.   45 U.S.C. § 55 is inapplicable to Jones Act claims.

Appellants contend that the forum selection clause is void by virtue of the FELA provision that provides that "[a]ny contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by [FELA], shall to that extent be void…" 45 U.S.C. § 55. They argue that because the Jones Act adopts FELA, and because 45 U.S.C. § 55 has been interpreted to void forum selection clauses in cases involving railway workers, it likewise voids forum selection clauses in seamen's suits brought under the Jones Act. They rely primarily on *Boyd v. Grand Trunk W. R.R. Co.*, 338 U.S. 263 (1949), a case in which a forum selection clause was found invalid as to a railway worker. But, Appellants conspicuously fail to cite to even one Jones Act case voiding a forum

31

selection clause on this basis. Indeed, numerous courts, including this Court, have rejected the argument Appellants urge here.

In *Lindo*, a seaman challenged a district court order compelling him to arbitrate his claims against his employer. The plaintiff-seaman's employment contract included a clause requiring that all Jones Act claims be resolved by arbitration under Bahamian law. *Id.* at 1260-61, 1264. The plaintiff in *Lindo*, also argued that FELA's prohibition on forum selection clauses under 45 U.S.C. § 55 rendered his claim inarbitrable. *Id.* at 1286. This Court disagreed and explained:

> Even assuming, arguendo, that § 56 (FELA's venue provision) now applies to Jones Act claims, there is nothing to indicate that § 55 (FELA's prohibition on limiting liability) applies as well. If Congress had intended to render international arbitration clauses unenforceable in Jones Act cases, it could have explicitly done so. Instead, the legislative history of the 2008 Amendment reveals that no such sweeping change was intended at all. Other courts have likewise concluded that § 55 is "inapplicable to seaman arbitration agreements."

*Id.* at 1287.

Additionally, *Lindo* undermines Appellants' argument that *Lipcon*, which involved a forum selection clause and not an arbitration agreement, is inapplicable in the context of a purported Jones Act seaman. *Lindo* cites *Lipcon* favorably for the proposition this Court "will

32

not invalidate choice clauses[]…simply because the remedies available in the contractually chosen forum are less favorable than those available in the courts of the United States." *Id.* at 1271 (citing *Lipcon* at 1297). Thus, this Court reasoned that "under the Convention and Supreme Court and Circuit precedent, there is a strong presumption in favor of freely-negotiated contractual *choice-of-law and forum-selection provisions*, and this presumption applies with special force in the field of international commerce." *Id.* at 1275 (emphasis added).

Similarly, the Fifth Circuit found FELA's prohibition on forum-selection clauses inapplicable to Jones Act cases in *Terrebonne v. K-Sea Transp. Corp.*, 477 F.3d 271 (5th Cir. 2007). There, the district court granted the employer's motion to stay pending arbitration, finding the plaintiff's argument that 45 U.S.C. § 55 voided the Partial Release and Claims Arbitration Agreement at issue was unsupported by case law. *Id.* at 175. After arbitration, in which the arbitration panel denied all of plaintiff's claims, the employer moved to reopen the suit to confirm the award. *Id.* at 276. The court again rejected the argument regarding 45 U.S.C. § 55 that it described as "borderline frivolous," granted the employer's motion, and dismissed the case with prejudice. *Id.*

On appeal, the plaintiff raised the same argument, relying on *Boyd*, as do Appellants here. *Id*. at 280. The court rejected the argument for multiple reasons. First, it held that because the Jones Act had its own venue provision, venue could not be premised on FELA. *Id*. at 281. Next, the court rejected application of 45 U.S.C. § 55 and *Boyd's* reasoning because *Boyd* did not involve an agreement to arbitrate under the FAA. *Terrebonne* at 283. Though Appellants will undoubtedly point out that this case does not involve arbitration either, and therefore the strong federal public policy favoring arbitration is not at issue here, courts have recognized that "although forum selection clauses are not the subject of a federal statute compelling their enforcement, the policies underlying the Federal Arbitration Act are similar to those revealed in the line of Supreme Court cases supporting the enforcement of forum selection clauses." *Turner v. Sedgwick Claims Mgmt. Servs.*, No. 7:14-cv-01244-JEO, 2014 U.S. Dist. LEXIS 180506, at *40 (N.D. Ala. Dec. 19, 2014) (quoting *Weiss v. Columbia Pictures Television, Inc.*, 801 F. Supp. 1276, 1281 (S.D.N.Y. 1992)); *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974) ("An agreement to arbitrate before a specified tribunal is, in

effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute.").

Numerous federal district courts and state courts have also rejected attempts by seamen to rely on 45 U.S.C. § 55 to invalidate both forum-selection clauses and arbitration agreements. *See, e.g. Riley v. Trident Seafoods Corp.*, No. 11-2500 (MJD/AJB), 2012 U.S. Dist. LEXIS 9002 (D. Minn. Jan. 9, 2012) ("FELA's venue provisions should not be read into the Jones Act" and the Jones Act does not void forum selection clauses); *Fitka v. American Seafoods Co.*, 2000 A.M.C. 1156 (Alaska Superior Ct. 2000) (enforcing forum selection clause); *Castro v. Pullmantur, S.A.*, 220 So. 3d 531 (Fla. 3d DCA 2017) (same); *Kozur v. F/V Atl. Bounty, LLC*, No. 18-08750, 2020 U.S. Dist. LEXIS 148633, *21 (D.N.J. Aug. 18, 2020) (enforcing arbitration agreement and recognizing that "most courts have noted that FELA's venue provision is inapplicable to Jones Act claims").

Moreover, at least one court has determined that the Jones Act forecloses the applicability of the FELA venue statute, explaining:

> The second sentence of the Act provides: "Laws of the United States *regulating recovery* for personal injury to, or death of, a railway employee apply to an action under this section." 46 U.S.C. § 30104 (emphasis added). The legal concept of venue does not "regulate recovery." Rather, as the Supreme Court has recognized, "venue is a matter that goes to process rather

than substantive rights—determining which among various competent courts will decide the case"; more specifically, venue "does not bear on the substantive right to recover" but is a "matter of judicial housekeeping" under the Jones Act. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 453-54, 457, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994). We therefore hold that the FELA venue provision does not apply to an action under the Jones Act. As a result, the FELA voidness provision addressed in *Boyd* plays no role in determining Jones Act venue and does not render the forum selection provision of the PPA unenforceable. *See Terrebonne*, 477 F.3d at 282.

*In re OSG Ship Mgmt.*, 514 S.W.3d 331 (Tex. App.-Houston [14th Dist.] Dec. 29, 2016)).

In short, because of this Circuit's finding that FELA's venue provision is inapplicable to Jones Act claims in *Lindo*, and the numerous other decisions holding likewise, Appellants' argument that 45 U.S.C. § 55 voids the forum selection clause at issue should be rejected.

## IV. The forum selection clause does not contravene U.S. policy.

Appellants' argument that enforcement of the forum selection clause contravenes U.S. policy is somewhat vague as to the specific public policy they contend was violated. They appear to argue that the clause resulted from unequal bargaining power, as they assert that the district court erred when it found that they did "not argue that the clause was the result of fraud or overreaching." (Doc 38 at 9.)

Appellants point to an argument in their Response to Appellees' Motion to Dismiss in which they suggested that the forum-selection clause was offered as a "take it or leave it" employment contract. (Doc 20 at 20.) No evidence of unfair bargaining was introduced. And in their Statement of the Case, Appellants state they "were forced to sign employment contracts with straw Bahamian paper companies created solely to circumvent the application of U.S. law." (Principal Br. at 3.) As support for this proposition, they cite to two paragraphs of their Complaint that allege that they were the borrowed servants of Appellees, but which do not reference their employment contracts, much less allege that they were "forced" to sign them. (Doc 16 at ¶¶ 16-17.) In fact, Appellants readily admit that they purposefully omitted any reference to their employment contracts or their employers from their Complaint. (Principal Br. at 6.)

Appellants' Statement of the Case also cites to an excerpt from the deposition of Wertanzl, taken in another action, and the declaration of Elston Bain, a private investigator. (Doc 20-1; Doc 20-4.) Neither the transcript nor the declaration refer to Appellants' employment contracts, or address unequal bargaining power. Therefore, the district court had

37

no basis from which it could find that the forum-selection clause resulted from unequal bargaining power.

Appellants' reliance on *Rozanska v. Princess Cruise Lines, Ltd.*, No. 07-23355-CIV-GOLD/MCALILEY (S.D. Fla. Aug. 5, 2008), is misplaced. There, the court explicitly based its finding that the forum selection clause resulted from unequal bargaining power on "undisputed facts admitted at oral argument…" *Id.* at *16. There were no such undisputed record facts before the district court here.

*Nall v. Mal-Motels, Inc.* 723 F.3d 1304 (11th Cir. 2013), is likewise inapposite. *Nall* involved an overtime claim under the Fair Labor Standards Act, and as framed by this Court, "present[ed] issues about how an FLSA claim can be settled…" *Id.* at 1305. This Court analyzed whether an alleged settlement between an employee and their former employer fell within one of "two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Id.* at 1306 (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982)). *Nall* did not involve a forum selection clause, and this case has no relation to the FLSA.

Secondarily, Appellants argue that the district court erred in placing the burden on them to demonstrate that enforcing the forum-selection clause would be unfair or unreasonable under the circumstances. In *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)*,* the U.S. Supreme Court held that forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown *by the resisting party* to be 'unreasonable' under the circumstances," and that this is the "correct doctrine to be followed by federal district courts sitting in admiralty." *Id.* at 10 (emphasis added). This Court also recently observed that the party resisting the forum selection "has the burden of demonstrating—by 'a strong showing'—that enforcement would be 'unfair or unreasonable under the circumstances,'" which is "no easy task." *AFC Franchising, LLC v. Purugganan*, 43 F.4th 1285, 1294 (11th Cir. 2022) (citing *Don't Look Media, LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1297 (11th Cir. 2021)). To demonstrate that enforcement is "unfair or unreasonable under the circumstances" the resisting party "must show that (1) the clause 'was induced by fraud or overreaching; (2) [he] would be deprived of [his] day in court because of inconvenience or unfairness; (3) the chosen law would deprive [him] of a remedy; or (4) enforcement of the clause would

contravene public policy.'" *Id*. Accordingly, the burden fell squarely on Appellants to provide the district court with a basis to find that the forum-selection clause resulted from fraud or overreaching.

Relying on *Garrett v. Moore-McCormack Co.,* 317 U.S. 239 (1942), Appellants seek to turn this burden on its head, instead arguing that the burden was on Appellees to prove "that the seaman relinquished his rights guaranteed by the law…" (Principal Br. at 45.) *Garrett*, however, dealt only with seaman's releases (a topic the court recognized was the subject of federal legislation) and does not affect the burden of proof regarding enforcement of forum-selection clauses, which was decided decades later in *Bremen*.

In a footnote, Appellants argue this distinction is unimportant given the FELA venue statute. But, as discussed at length already, that statute has no application here. Even couched as a public policy argument, courts have rejected the notion that the ability to bring a claim in a U.S. court under the Jones Act is of such public importance that it cannot be abrogated by agreement. The Supreme Court has held that "venue under the Jones Act is a matter of judicial housekeeping that has been prescribed only for the federal courts," and that "*forum non conveniens* is

40

a sort of supervening venue rule…" *American Dredging Co. v. Miller*, 510 U.S. 443, 457 (1994); *see also Utoafili v. Trident Seafoods Corp.*, No. 09-2575 SC, 2009 U.S. Dist. LEXIS 127109, \*16 (N.D. Cal. Oct. 19, 2009) ("The existing law behind the venue provision of the Jones Act demonstrates that it generally did not play the substantive role that the FELA venue provision has played since *Boyd*.").

At bottom, Appellants identify no public policy that precludes enforcement of the forum-selection clause. None of the authorities they cite support reversal of the Order on appeal, where they failed to meet their heavy burden to demonstrate that the forum selection clause was unfair or unreasonable under the circumstances.

## Conclusion

The district court's Order dismissing the Amended Complaint should be affirmed.

Respectfully submitted,

Dated: Nov. 10, 2022  By:   */s/ Elisha M. Sullivan*
Michael J. Dono
Florida Bar No.: 0576492
mdono@hamiltonmillerlaw.com
Elisha M. Sullivan
Florida Bar No.: 0057559
esullivan@hamiltonmillerlaw.com
Counsel for Appellees

41

## Certificate of Compliance

1.      This Brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B)(i) because this Brief contains 8,361 words, excluding the parts of the Brief exempted by Fed. R. App. P. 32(f).

2.      This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this Brief has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook.

Dated: Nov. 10, 2022                    By: *s/ Elisha M. Sullivan*

## Certificate of Service and Filing

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system. I also certify that the Brief was electronically filed under Eleventh Circuit Rule 25–3 (a) using the Court's Electronic Case File (ECF) System on November 10, 2022.

By: *s/ Elisha M. Sullivan*